**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RONALD C. TATUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 21-cv-06732 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| 10 ROADS EXPRESS, LLC, | ) | Magistrate Judge Beth Jantz |
| | ) | |
| Defendant. | ) | JURY DEMANDED |

**AMENDED FINAL PRETRIAL ORDER**

This matter having come before the court at a pretrial conference held pursuant to Fed. R.

Civ. P. 16, and Timothy J. Coffey and Heidi Sleper having appeared as counsel for Plaintiff,

RONALD C. TATUM, and Joseph K. Nichele of Broida and Nichele, Ltd., having appeared as

counsel for the Defendant, 10 ROADS EXPRESS, LLC, the following actions were taken:

1.      Jurisdiction. This is an action for damages brought for Defendant's alleged

retaliatory discharge under the Illinois Worker's Compensation Act, 820 ILCS § 305/1 et seq.

(the "IWCA"), and the public policy of the State of Illinois. Supplemental jurisdiction over

Plaintiff's state law retaliatory refusal to recall and discharge claims is invoked under 28 U.S.C.

1367(a).[1] Jurisdiction is not disputed.

2.      Trial Attorneys.

       a.  For Plaintiff, Ronald C. Tatum:

---

[1] Plaintiff's Amended Complaint filed in this matter included claims for Defendant's illegal discriminatory termination of his employment in violation of Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. 12101 et seq., the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq., and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., as well as Defendants' illegal interference, denial of his rights and related retaliatory termination of his employment in violation of the Family and Medical Leave Act, 29 U.S.C. §§ 2601 et seq. Dkt. #34. The Court granted summary judgment to Defendant on such additional claims. Dkt. #130. Plaintiff reserves his right to appeal the Court's dismissal of such claims once a final and appealable judgment has been entered in this matter.

Timothy J. Coffey
THE COFFEY LAW OFFICE, P.C.
118 N. Clinton Street, Suite 125
Chicago, IL 60661
(312) 627-9700
ARDC No. 6224686
tcoffey@worker-law.com

And,

Heidi Karr Sleper
Kurtz, Sleper & Exline, LLC
610 West Roosevelt Rd, Second Floor
Wheaton, IL 60187
ARDC No. 6287421
hsleper@kselegal.com

    b.  For Defendant. 10 Roads Express, LLC:

Joseph K. Nichele
Momkus LLP
1001 Warrenville Road,
Lisle, IL 60532
(630) 630-434-0291
ARDC No. 6286961
jnichele@momkus.com

3.      Case Statement. A concise agreed statement of the case, including: the nature of the case; the claims, counterclaims and cross-claims; and the defenses raised to those claims. The Court will read this statement to the jury during voir dire. See Schedule 3(a) for Plaintiff's Case Statement and Schedule 3(b) for Defendant's.

4.      Witness Lists. Separate lists for Plaintiff and Defendant providing the names of witnesses, including expert witnesses, divided into the following three categories: (a) witnesses who will be called to testify at trial; (b) witnesses who may be called to testify at trial; and (c) witnesses will testify by deposition or other prior testimony. See Amended Schedule 4(a) for

Plaintiff's trial witness lists, and 4(b) for Defendant's trial witness lists. The parties do not anticipate that any witnesses will testify by deposition or other prior testimony.

5.    Exhibit Lists. A list by each side of all trial exhibits (including demonstratives, summaries or other specially prepared exhibits), which includes the following: (a) the exhibit number for each document; (b) the date of the document; (c) a brief description of the document; (d) whether there is an objection to admission of the document and, if so, a concise statement of the basis for the objections (e.g., Rule 402-relevance; Rule 403-undue prejudice or confusion); and (e) a concise statement of the asserted basis of admissibility. See Amended Schedule 5(a) for Plaintiff's trial exhibit list, and 5(b) for Defendant's trial exhibit list.

6.    Itemization of Damages. See Schedule 6.

7.    Motions in Limine. Subject to full compliance with all the procedural requirements of Rule 37(a)(2), Motions in Limine and any briefs in support thereof, see Schedule 7(a) for Plaintiff's motions. Defendant has filed its Motions. See Dkt. #s 140-144. The parties have filed their respective responses. Dkt. #s 152-156.

8.    Proposed Voir Dire. A list of the questions the parties requests the court to ask prospective jurors in accordance with Fed.R.Civ.P. 47(a). See Schedule 8(a) for Plaintiff's proposed voir dire and Schedule 8(b) for Defendant's proposed voir dire.

9.    Jury Instructions. One set of marked proposed jury instructions, verdict forms and special interrogatories, if any. See Amended Schedule 9(a) for Agreed, Amended Schedule 9(b) for Plaintiff's proposed contested, and Amended Schedule 9(c) for Defendant's proposed contested.

10.    Trial Briefs. Plaintiff will move for leave to file a Trial Brief.

11.     The following additional stipulations and statements are submitted, attached to, and made a part of this Order:

(a)   Stipulations and statements of admitted facts (see Schedule 11(a) for Plaintiff's Proposed Trial Stipulations and Admitted Facts, to which Defendant has no objection).

(b)   Discovery. As the parties advised the Court in their Joint Status Report regarding Discovery filed on March 19, 2024 (see Dkt. #89), they agreed to defer further discovery into Defendant's net worth and related disputes until after the Court ruled on the parties' respective motions for summary judgment. Following the Court's summary judgment ruling, Defendant produced supplemental financial information to Plaintiff and on May 2, 2025, Plaintiff deposed Defendant's CFO. Following the deposition, Plaintiff requested several documents that were identified at the deposition (but had not theretofore been produced) that he believes are discoverable pursuant to Rule 26(b). On June 3, 2025, Defendant replied to the request objecting to production of the requested documents. On June 9, 2025, Plaintiff offered a compromise to avoid  motion to compel. To date, Defendant stands by its objection that any financial records of another, non-party company are not relevant nor likely to lead to any relevant information. Plaintiff will file a motion to compel the requested documents.

(c)   Absent good cause shown, no further discovery shall be permitted.

(d)   Final Pretrial Conference is set for this July 8, 2025, at 1:30 p.m. Dkt. #136.

(e)   Trial of this case is expected to take 5 trial days, and is set for October 6-10, 2025. Dkt. #136.

(f)  This is a jury trial.

(g)  Plaintiff recommends that eight (8) jurors and two (2) alternates be selected at the commencement of the trial. Defendant requests that twelve (12) jurors and two (2) alternatives be selected at the commencement of the trial.

(h)  Plaintiff does not believe that there is a legally sufficient basis to bifurcate the issues of liability and damages for purposes of trial. For the reasons set forth in its Motion in *limine* No. 10, Defendant believes that the issue of liability and punitive damages should be bifurcated.

(i)  This Order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

(j)  Possibility of settlement of this case was considered by the parties.


_____
The Honorable Judge Sharon Johnson Coleman


Date: _____


**APPROVED AS TO FORM AND SUBSTANCE:**

Date:  July 4, 2025                    PLAINTIFF, RONALD C. TATUM


By:  /s/ Timothy J. Coffey____
        One of His Attorneys

Timothy J. Coffey
THE COFFEY LAW OFFICE, P.C.
118 N. Clinton Street, Suite 125
Chicago, IL 60661
(312) 627-9700
ARDC No. 6224686

tcoffey@worker-law.com

Heidi Karr Sleper, Esq.
Kurtz, Sleper & Exline, LLC
610 West Roosevelt Rd, Second Floor
Wheaton, IL 60187
ARDC No.
hsleper@kselegal.com


DEFENDANT, 10 ROADS EXPRESS, LLC


By: /s/ Joseph K. Nichele
       One of Its Attorneys

Joseph K. Nichele
Momkus LLP
1001 Warrenville Road, Suite 500
Lisle, IL 60532
ARDC No. 6286961
jnichele@momkus.com