IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD C. TATUM, | ) |
| Plaintiff, | ) |
| | ) Case No. 21-cv-06732 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| 10 ROADS EXPRESS, LLC, | ) Magistrate Judge Beth Jantz |
| | ) |
| Defendant. | ) JURY DEMANDED |

## SCHEDULE 6 – PLAINTIFF'S ITEMIZATION OF DAMAGES

Should the jury find that Defendant discharged Plaintiff in retaliation for exercising his rights under the IWCA in violation of Illinois law, Plaintiff would be entitled to make whole remedies and relief itemized as follows:

1. **Lost Wages (regular and OT).** $485,665 (based on his 2019 W2 earnings of $97,133) less amounts earned in mitigation to date of $119,089 = $366,576 net lost wages.

2. **Lost Employment Benefits** (i.e., medical, hospital, life, dental, disability, various paid leaves of absence, etc.). The greater of the monetary value of lost employment benefits or Plaintiff's actual costs to replace lost insurances, approximately $10,000.

3. **Consequential Out-of-Pocket Expenses.** Approximately $25,000 to date related primarily to heath care, job search, legal fees and costs, and incremental fees, interest and costs incurred due to Defendant's illegal conduct.

4. **Loss of Home Equity.** Defendant's illegal termination of Plaintiff's employment caused in whole or in part Plaintiff's inability to make his monthly mortgage payments ultimately resulting in the forced sale in February 2024 of his home located in Homer Glen, Illinois. At the time of the termination, Plaintiff had approximately $60,000 in equity in his home.

5. **Reinstatement and/or Front Pay.** Plaintiff demands immediate reinstatement to his former position, or a suitable equivalent position. But for Defendant's illegal retaliatory termination of his

employment, Plaintiff would have worked for Defendant at least through to his 70th birthday, or March 1, 2031. To date, Defendants have not offered reinstatement in any form or manner, and have notified Plaintiff's counsel that they will not agree to return him to work. Should reinstatement not be offered, or be inappropriate under the circumstances, Plaintiff will seek front pay for the period of time following the October 2025 trial to March 1, 2031 (approx. 5 years and 5 months) in an amount equal to the difference between what he is actually earning now, which is approximately $45,500 annually, and what he would be earning if he were still employed by Defendant, approximately $95,000; that is, $49,500 X 5.42 years = $268,290.

6. **Emotional Pain, Embarrassment, Humiliation and Distress and Loss of Normal Life.** Plaintiff seeks fair and reasonable compensatory damages not less than $300,000 to compensate him for the emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of normal of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of savings and investment opportunities, loss of employer provides insurances, and other pecuniary and non-pecuniary losses suffered by Plaintiff due to Defendant's illegal retaliatory discharge. The precise value of such damages shall be determined by a jury of Plaintiff's peers at trial. See *Holland v. Schwan's Home Service , Inc.*, 2013 IL App (5th) 110560; 2013 Ill. App. LEXIS 342 (5th Cir. May 30, 2013) (affirming an emotional distress award of $400,000 for emotional distress, impairment of reputation, personal humiliation, and embarrassment without expert or treating physician testimony); *Thompson v. Memorial Hospital of Carbonale,* 625 F.3d 394 (7th Cir. 2010) (ED award of $500k reduced to $250k --P met with a counselor five times who testified she was sad, often tearful, felt increasing anxiety and gained 20 pounds in a month; P was diagnosed with adjustment disorder, depression and anxiety; counselor testified that a month after counseling began the P had taken leave from work due to stress and was improved); *Vega v. Chicago Park Dist., 954 F.3d 996, 1008 (7th Cir. 2013) (*remitting $750k to $300k statutory cap – P testified extensively about the emotional, mental, and physical distress that she suffered for the final six months of her employment and that she was unemployed for a year and constantly worried about her inability to afford necessary medication and to support her mother); *May v. Chrysler Grp., LLC*, 716 F.3d

963, 970 (7th Cir. 2013) (jury award of $709k reduced to $300k statutory cap-- seven-day trial, D's efforts to stop the harassment were inadequate).

7. **Punitive Damages.** Plaintiff will ask the jury to award no less than the greater of 10 X the aggregate of his compensatory damages, or 10% of Defendant's net worth.

8. **Prejudgment and post-judgment interest.** To be determined. Plaintiff will seek interest on the award for the state claim(s) at the appropriate rate under Illinois law.

9. **Tax Component Award.** To be determined.

10. **Recoverable costs of litigation.** TBD.

Date: June 16, 2025               PLAINTIFF, RONALD C. TATUM


By: /s/ Timothy J. Coffey
  One of His Attorneys

Timothy J. Coffey
THE COFFEY LAW OFFICE, P.C.
118 N. Clinton Street, Suite 125
Chicago, IL 60661
(312) 627-9700
ARDC No. 6224686
tcoffey@worker-law.com

Heidi Karr Sleper, Esq.
Kurtz, Sleper & Exline, LLC
610 West Roosevelt Rd, Second Floor
Wheaton, IL 60187
ARDC No.
hsleper@kselegal.com