IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD C. TATUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 21-cv-06732 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| 10 ROADS EXPRESS, LLC, | ) | Magistrate Judge Beth Jantz |
| | ) | |
| Defendant. | ) | JURY DEMANDED |

**SCHEDULE 7(a) - PLAINTIFF'S MOTIONS *IN LIMINE***

Plaintiff, RONLAD C, TATUM, by and through his attorneys, prior to selection of the jury in this case, will respectfully move the Court for entry of an order, *in limine*, excluding the following categories of evidence from the trial in this matter:

**Introduction**

The jury in this case will decide (1) whether Defendant discharged Plaintiff from his employment and, if so, (2) whether Plaintiff's legally protected workers' compensation activity was a reason for the discharge, and (3) the extent and amount of compensatory and punitive damages to be awarded to Plaintiff and against Defendant to adequately compensate him and punish Defendant. *Grabs v. Safeway, Inc.*, 395 Ill. App. 3d 286, 291 (1st Dist. 2009) ("To state a cause of action for retaliatory discharge, plaintiffs must show that: (1) they were employees of defendants before or at the time of the injury; (2) they exercised some right granted by the Act (820 ILCS 305/1 et seq. (West 2006)); and (3) their discharge was causally related to the exercise of their rights under the Act. C*lark [v. Owens-Brockway Glass Container, Inc.*,] 297 Ill. App. 3d [694] at 697.") "The purpose of a *motion in limine* is to allow a trial court to rule on the relevance and admissibility of evidence before it is offered at trial." *Hatcher v. Bd. of Trs. Of S.*

*Ill. Univ.*, 2018 U.S. Dist. LEXIS 57575, *1-2 (S.D. Ill. April 4, 2018) (citation omitted). These motions "'aid the trial process by enabling the court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" (*Id., citing Wilson v. Williams*, 182 F.3d 562, 566 (7th Cir. 1999) (*citing Palmieri v. Defario*, 88 F.3d 136, 141 (2nd Cir. 1996). Of vital importance here, given the volume of documents and testimony at issue, "[m]otions *in limine* also may save the parties time, effort and cost in preparing and presenting their cases." *Hatcher*, 2018 U.S. Dist. Lexis 57575 at *2.

Plaintiff respectfully suggests to the Court that the Motions presented here are based in large part on the reality that failure to exclude evidence that does not directly bear on the questions at hand will waste time and resources – time and resources better directed at presenting the volume of relevant and probative evidence this jury will need to understand the complexities of the issues presented. Given both the irrelevance of much of the evidence detailed below, and/or the likelihood that the jury may be overwhelmed and confused by the complexity and nuance of these issues, Plaintiff moves the Court to exclude the following:

### Plaintiff's Motions *in Limine*

I. **Exclude Evidence and Argument Related to Plaintiff's March 2020 and July 2020 Alleged Performance Write-Ups (Pursuant to the Parties' Stipulation).**

II. **Exclude Evidence and Argument Related to Defendant's Former Affirmative Defense No. 6 (i.e., Plaintiff's claims are barred, in whole or in part, because his work performance was unsatisfactory and failed to improve) (Defendant agreed to Withdraw Pursuant to the Parties' Stipulation).**

III. **Exclude Testimony from Defendant's Current or Former Employees/Agents Madison Throneberry and Wes Heit (Pursuant to the Parties' Stipulation).**

See the Parties' Joint Stipulations entered into February 21, 2024 supporting Plaintiff's Motions *in Limine* I – III attached hereto. These Joint Stipulations are also set forth in Schedule

2

11 to the Final Pretrial Order filed concurrently with these MILs. The parties agreed to the Stipulations during discovery this case and Plaintiff relied on them in strategizing and conducting discovery. Based thereon, Plaintiff asks this Court to enter an order *in Limine* excluding any such proposed or proffered information or argument.

    **IV.** **Exclude Evidence and Argument Related to Plaintiff's Underlying Workers' Compensation Application and Motion to Dismiss, as well as Settlement Documents related to Plaintiff's 2000 Workers' Compensation Claim.**

Defendant has listed the following documents related to Plaintiff's underlying workers' compensation application as exhibits for trial: DX9: Plaintiff's IWCC Application for Adjustment of Claim, Case #22WC025989; DX10: Plaintiff's Motion to Voluntarily Dismiss Case #22WC025989. Defendant has listed as a trial exhibit (i.e., DX11) settlement documents related to a twenty-four (24) year old workers' compensation claim, Case #00WC18519. It is clear from such proposed exhibits that Defendant seeks to "pile on" a litany of Plaintiff's workers' compensation claims and trumpet the outcome and/or resolution of those proceedings – proceedings that all involve different standards and different analyses – as evidence that Plaintiff's retaliation claim here lacks merit. Not only are these proceedings irrelevant, discussion of claims from different venues that rely on wholly distinct standards will be confusing to the jury and unduly prejudicial to Plaintiff.

Under Illinois law, a Plaintiff has a right to seek workers' compensation benefits and an employer cannot make retroactive termination decisions nor defend a retaliatory discharge case based on whether an employee's claim is ultimately found to be compensable. *Kelsay v. Motorola, Inc.*, 74 Ill. 2d 172, 184, 384 N.E.2d 353, 23 Ill. Dec. 559 (1978) (finding the public policy of the Act would be frustrated and an employee-plaintiff would be placed in a position of "choosing between their jobs and seeking remedies under the Act.") Therefore, employers are

3

barred from using this evidence in defending a retaliatory discharge case brought by one of its employees on relevancy grounds. *Id*.

In the workers' comp retaliatory discharge case *Grabs v. Safeway, Inc.*, the appellate court affirmed the trial court's denial of plaintiff's request that the judge read the Illinois Workers' Compensation Commission's factual findings to the jury as it was irrelevant to the issue of retaliatory discharge the jury was charged with deciding. The *Grabs'* court concluded that admitting such WC information "had the grave potential of being misleading and confusing to the jury and prejudicial to defendant." *Grabs v. Safeway, Inc.,* 2013 IL App (1st) 121971-U, ¶40. The court noted "that it is plaintiff's right to seek benefits under the Act and seeking those rights is protected. *Kelsay v. Motorola, Inc.*, 74 Ill. 2d 172, 182, 384 N.E.2d 353, 23 Ill. Dec. 559 (1978). It has long been the law that an employer cannot make retroactive termination decisions nor defend a retaliatory discharge case based on whether an employee's claim is ultimately found to be compensable. The public policy of the Act would be frustrated and an employee-plaintiff would be placed in a position of "choosing between their jobs and seeking remedies under the Act." *Kelsay v. Motorola, Inc.*, 74 Ill. 2d 172, 184, 384 N.E.2d 353, 23 Ill. Dec. 559 (1978)." Id. Therefore, the *Grabs* court held that "employers are barred from using this evidence in defending a retaliatory discharge case brought by one of its employees on relevancy grounds, and that "[e]ven the issues of whether the plaintiff's workers' compensation claim was ultimately settled or whether the Illinois Workers' Compensation Commission found a plaintiff's claim to be compensable or not have no bearing upon a retaliatory discharge claim." Id. Neither a plaintiff as in *Grabs*, nor a defendant is in this case have any valid grounds for admission of this type of evidence in a retaliatory discharge case. Id. "Plaintiff cannot have the benefit of admission of this

4

type of evidence only when it is arguably favorable to his case, i.e., where it was determined that plaintiff has a valid claim under the Act." Id.

Further, whatever possible relevance documents relating to Plaintiff's WC claims may have, the "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence," and should be excluded pursuant to Fed. R. Evid. 403. "Evidence is unfairly prejudicial 'if it will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented." *Lewis v. City of Chicago Police Dep't*, 590 F.3d 427, 441 (7th Cir. 2009) (*citing United States v. Zahursky*, 580 F.3d 515, 525 (7th Cir. 2009). Such is the case with any and all evidence relating to Plaintiff's worker's compensation claims, other than the existence of these claims and their timing, both of which may be relevant to Plaintiff's retaliation claims. Where, as here, the "jury would face difficulties if forced to navigate through a record muddled between intersecting and partially overlapping pieces of evidence presented during the investigation and the trial, submitted under ***differing evidentiary standards*** [,] [the court should conclude that the risk of confusion outweigh[s] the probative value." *Lewis,* 590 F.3d at 442.

Additionally, the documents should be excluded as hearsay. "Under the Federal Rules, 'hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *Alexander v. Cit. Tech. Fin. Servs.*, 217 F. Supp.2d 867, 880 (N.D. Ill. 2002); *see also United States v. Ramos-Guerrero*, 2016 U.S. Dist. LEXIS 70460 at *5 (N.D. Ill. May 31, 2016). "Whether a particular statement is hearsay 'will most often hinge on the purpose for which it is offered.'" *Ramos-Guerrero*, 2016 U.S. Dist. LEXIS 70460 at *5-6, *citing United States v. Cruse*, 805 F.3d 795, 810 (7th Cir.

5

2015). Where, as here, Defendants' only purpose for presenting the Worker's Compensation process documents would be "for the truth of the matter asserted," then it is clearly hearsay." "Thus, the question is whether any hearsay exception applies or whether the statements in the [document] are being offered for any purpose other than for the truth of what they assert." *Id*.

As to a possible hearsay exception, "[Defendants] apparently do not intend to call the author of the [documents] as a witness at trial" and Defendant will be unable to show that the documents in question are business records "that would fall within that exception to the hearsay rule," (*LaSalle Nat'l Bank v. Mass. Bay. Ins. Co*., 1997 U.S. Dist. LEXIS 5253 at *6 (N.D. Ill. April 18, 1997)). Therefore, the Court must exclude the documents in question. Defendant should not be allowed to reference these documents, given the obvious prejudice of allowing the jury to see other fact-finders using different evidentiary standard weigh in as to the same questions they are being asked to determine.

### V. Exclude Evidence and Argument Related to Plaintiff's ADA, FMLA and Title VII Claims Against Defendant which this Court Dismissed on Summary Judgment.[1]

Plaintiff moves *in limine* to bar any mention at the trial of Plaintiff's ADA, FMLA, and Title VII claims including underlying/antecedent EEOC charges against Defendant which this Court dismissed on summary judgment. Plaintiff believes that the issue of the dismissed claims should be handled pre-emptively rather than merely having the jury instructed to not consider any dismissed claims and not to speculate on the reasons they are no longer a part of the case. It is Plaintiffs' position that once the cat is out of the bag – so to speak – that the jury will begin to question and speculate, especially when told not to. Additionally, Plaintiffs want to avoid any

---

[1] While Plaintiff has yet to read it thoroughly or analyze it, it appears that Defendant has filed a Motion in Limine to exclude the same information. Dkt. #143, "Defendants' Motion in Limine No. 12 to Exclude Argument and Evidence Relating to Interference, Discrimination, Retaliation, and Other Claims Dismissed on Summary Judgment."

suggestion that the dismissed claims have any correlation to merits of the trial of the remaining claim. *See, e.g.*, *Martin v. Union Pac. R.R. Co.*, No. 19-cv-2509, 2024 U.S. Dist. LEXIS 144157, at * 6-7 (N.D. Ill. June 3, 2024) ("The Court agrees [that] any evidence that pertains only to dismissed counts is not relevant. Evidence about dismissed counts could be potentially confusing to the jury, and it could distract from the remaining claim."). As such, Plaintiff moves *in limine* to bar any mention at the trial of the dismissed claims.

"Although administrative findings may be admissible under Federal Rules of Evidence 803(8)(C) and 801 (d)(2), the district court 'retains significant discretion as to whether [the determinations] ought to be admitted'." *Lewis v. City of Chicago Police Dep't*, 590 F.3d 427, 442 (7th Cir. 2009) (*citing Halloway v. Milwaukee County*, 180 F.3d 820, 827 n. 9 (7th Cir. 1999). "[P]resenting the administrative findings with respect to plaintiff's charge of discrimination is 'tantamount to saying 'this has already been decided and here is the decision,'" *Tompulis v. Schwartz & Freeman*, No. 92 C 7375 1994 U.S. Dist. LEXIS 1118 at *14 (N.D. Ill. Aug. 9, 1994) (citations omitted); *Tulloss v. Near North Montessori School, Inc.*, 776 F.2d 150, 154 (7th Cir. 1985) ("We cannot dispute a district judge's determination that a file containing such potentially prejudicial material as […] opinions of the EEOC investigator and letters relating to settlement negotiations should not be admitted.") Documents of administrative procedures, including any findings an administrative body might have reached, do not "hav[e] any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *See Silverman v. Bd. of Educ. of The City of Chicago*, 637 F.3d 729, 732 (7th Cir. 2011) (finding lack of probative value as to EEOC findings).

7

**VI.     Exclude Evidence and Argument Relating to Defendant's Mitigation Defense.**

In order to prevail on its failure to mitigate defense (Def. Ans., Dkt. No. 15, p. 21, Fifth Defense) Defendant's must prove both that (1) Plaintiff was not reasonably diligent in seeking comparable employment, and (2) with the exercise of reasonable diligence there was a reasonable chance that he would have found comparable employment. See *EEOC v. Ilona of Hungary, Inc.*, 108 F.3d 1569, 1581 (7th Cir. 1997), citing *Hutchinson v. Amateur Elec. Supply, Inc.*, 42 F.3d 1037, 1044 (7th Cir. 1994). Ron was not obliged to "go into another line of work, accept a demotion, or take a demeaning position." *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231 (1982). Neither was he compelled to be successful in finding new employment. Ron's burden can most accurately be described as one requiring an "honest, good faith effort." *Smith v. Great American Restaurants, Inc.*, 969 F.2d 430, 438 (7th Cir. 1992). Simply put, Defendant has not identified any evidence (either documentary or testimonial) that it plans to introduce at trial in an attempt to satisfy their burden of proving (2), that there were in fact comparable jobs available in the relevant geographic area that Ron may have been hired for had he exercised reasonable diligence.

The only trial exhibit that Defendant identified that may possibly bear on its failure to mitigate affirmative defense is DX 13, Ron's Job Search Documents (P. 311-459, 488-523, 649-688). These pages contain NO information probative of an arguably comparable job that Ron DID NOT try to get. Defendant has failed to produce or identify any information that may show the existence of a comparable job that Ron did not try to attain. Without such evidence, there can be and is no triable issue for the jury to decide with respect to element (2).

Additionally, Defendant's will only be able to mount an entirely circular argument should this Court allow it to delve into Ron's job search records when it has no evidence that comparable jobs actually existed that Ron did not try to attain. For example, Defendant can only make the

8

circular argument that Tatum's work search documents show there were jobs available; yet these very documents show that Tatum did indeed use reasonable effort to attain these jobs and did not get them. The work search records therefore fail to identify an actual arguably comparable job that Ron failed to use reasonable efforts to attain. It was his diligence through which he found and attempted to get these jobs. Such an argument by Defendant makes zero sense and does nothing to create a jury issue with respect to the required second element.

*Gracia v. Sigmatron Int'l, Inc.,* 130 F.Supp.3d 1249, 1257 (N. Dist. Ill. 2015), fully supports judgment as a matter of law against Defendant on its FTM defense. The *Gracia* court rejected the employer's FTM defense where, even assuming that the plaintiff waited ten months after her firing to look for work (i.e., the employer met the first element of the FTM defense), it failed to make even a perfunctory showing that there was a reasonable chance there was comparable work to be found. As the *Gracia* court stated:

> For instance, Sigmatron could have submitted evidence about Gracia's application process with her new employer (she got that job in 2010), such as how long the position was open when she applied (and how many positions of that type were open at the new employer), and how quickly she was able to secure that position, to create some circumstantial basis to think that comparable work was available to her had she looked sooner. Or Sigmatron could have introduced Bureau of Labor Statistics studies for manufacturing jobs in Illinois for the relevant time period. But Sigmatron submitted no evidence on this point, so it has failed to meet its burden. Id.

In addition to *Gracia, Coffey v. DSW Shoe Warehouse, Inc.,* 145 F. Supp. 3d 771, 779 (N.D. Ill. 2015), also discussed examples of acceptable evidence to satisfy the second prong of an employer's FTM defense to include "evidence from a potential employer that an application from Plaintiff would have resulted in a job offer, . . . evidence of specific job qualifications sought by employers and how they compare to Plaintiff's." In *Coffey*, Judge Pallmeyer rightly entered summary judgment against defendant on its FTM defense finding that defendant could not satisfy its burden of proof where it failed to offer any evidence that plaintiff might have found a job had

she made additional efforts. See also *Stragapede v. City of Evanston*, 865 F.3d 861, 868-869 (7th Cir. 2017) (while the employer showed that plaintiff never looked for work, court rejected employer's FTM argument because employer failed to prove the second prong and reasoning that backpay awards should not be reduced based on failure to mitigate if reasonably diligent effort would not have been likely to produce comparable employment.). Defendant here also cannot produce any of the types of admissible evidence that the *Gracia* and *Coffey* courts stated may satisfy an employer's burden with respect to the second element of the FTM defense.

The undisputed evidence here shows that Tatum never stopped looking for comparable work even after he accepted the one job offered to him at Home Depot and thus, he did in fact mitigate his damages. See *Ortega v. Chi. Bd. of Educ.*, 280 F. Supp. 3d 1072, 1082 (N.D. Ill. 2017) (following *Coffey* and rejecting the defendant's argument that because plaintiff accepted a lower paying job rather than continued looking for another comparable job as "hypercritical.") See *Coffey v. DSW Shoe Warehouse, Inc.*, 145 F. Supp. 3d 771, 779 (N.D. Ill. 2015) (stating that the duty to mitigate should "'not be invoked as grounds for a hypercritical examination of a plaintiff's conduct,'" quoting *Amalgamated Bank of Chic. v. Kalmus & Assocs., Inc.,* 318 Ill. App. 3d 648, 741 N.E.2d 1078, 1086, 251 Ill. Dec. 900 (Ill. App. 1st Dist. 2000)).

While this Court denied Ron's motion for summary judgment on this issue (see Dkt. #130, pp. 14-16), it focused on a "failure to plead" the defense which even if it was somehow at issue on summary judgment, it certainly is not at trial, and other non-probative facts. For instance, this court suggested that Ron's 20 years of experience in the freight shipping industry and his supervisory role to somehow "suggest that he could have secured a comparable role." But it is Defendant's burden to prove there were in fact comparable jobs in existence that Ron may have been hired for, and it cannot do that here. The Court also noted that Ron's job search records might show the

10

availability of jobs at freight companies. Yet, these are the documents that Ron produced in this case and will testify without any counter evidence that he took reasonable steps to attain such freight company jobs. All Defendant will be able to do is hope that Ron gets fooled or confused by its attorney's question at trial and of course attempt to ask argumentative or otherwise inappropriate, loaded questions at trial in an inappropriate effort to discolor, mislead and confuse the jury.

The Seventh Circuit has long held that reasonable diligence in seeking comparable employment entails such basic actions as "check[ing] want ads, register[ing] with employment agencies, and discuss[ing] employment opportunities with friends and acquaintances." See *Sprogis v. United Airlines, Inc.*, 517 F.2d 387, 392 (7th Cir. 1975) (holding that plaintiff's application for one job and procurement of another, temporary position during a two-year period constituted "reasonable diligence" in attempting to find alternative employment); see also *Orzel v. City of Wauwatosa Fire Dept.*, 697 F.2d 743, 756 (7th Cir. 1983) (holding that plaintiff, formerly assistant chief of defendant fire department, did not fail to mitigate damages where during a two-year period he worked as a temporary census taker, applied for another position but did not get hired, and placed his name on file at the state job service). Here, the only evidence at trial will show that Ron repeatedly and consistently took these measures and more in his search for alternative employment.

Date: June 16, 2025                    PLAINTIFF, RONALD C. TATUM


                                             By: /s/ Timothy J. Coffey
                                                 One of His Attorneys

Timothy J. Coffey
THE COFFEY LAW OFFICE, P.C.
118 N. Clinton Street, Suite 125

Chicago, IL 60661
(312) 627-9700
ARDC No. 6224686
tcoffey@worker-law.com

Heidi Karr Sleper, Esq.
Kurtz, Sleper & Exline, LLC
610 West Roosevelt Rd, Second Floor
Wheaton, IL 60187
ARDC No.
hsleper@kselegal.com