**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RONALD C. TATUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 21-cv-06732 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| 10 ROADS EXPRESS, LLC, ) | Magistrate Judge Beth Jantz |
| ) | |
| Defendant. ) | JURY DEMANDED |

### SCHEDULE 8(A) - PLAINTIFF'S PROPOSED ADDITIONAL VOIR DIRE

Plaintiff, RONALD C. TATUM, by and through his attorneys, proposes that the following additional questions be asked of the venire.

1. Have you ever been a party to a lawsuit?

    a. Were you the Plaintiff or Defendant?

    b. What type of case?

    c. What was the outcome?

2. Have you, a close family member, or friend ever been injured on the job?

    a. If so, did you, your family member or friend file a workers' compensation claim?

    b. Have you ever been retaliated against for reporting an injury at work?

    c. If so, what happened?

3. Have you or a close friend or family member ever needed to take time off work to deal with a medical issue?

    a. Did the employer allow it?

    b. What were the circumstances?

4. Have you (or a close family member or friend) ever sued your (or their) employer?

    a. If so, what were the circumstances and outcome?

5. Have you ever been a victim of retaliation or discrimination at work?

6. Have you ever been accused of discrimination or retaliation at work?

    a. If so, what were the circumstances and outcome?

7. Have you ever believed that a coworker or subordinate has filed a false injury claim?

8. Do you believe a person who has a right to work even if he needs a few days off of work following a health related incident in order to return to work full duty?

    a. If not, why?

    b. If so, why not?

9. Do you currently, or have you ever owned your own business? If so, please describe type of business and state the approximate number of employees.

10. Do you or anyone close to you have any experience or training in the area of human resources? If so, please describe.

11. Have you, or a relative or close friend, ever been involved in supervising other workers or in making hiring, firing, disciplinary, or promotion decisions?

12. Have you, or a relative or close friend, ever been discharged, fired, or laid off from any job for any reason? If so, please identify the person involved and the nature of the job.

13. Have you, or a relative or close friend, ever felt that you were discriminated or retaliated against on the job work, or treated unfairly by an employer?

14. Have you, or a relative or close friend, ever filed a grievance, complaint, or lawsuit against an employer, or a grievance, complaint, or lawsuit involving your job?

15. Have you ever witnessed someone else being harassed, discriminated or retaliated against, or treated unfairly by an employer?

16. Have you, or a relative or close friend, ever been accused of harassing or discriminating or retaliating against another person on the job?

17. You may have an opportunity to award Mr. Tatum money damages as compensation for emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life caused by defendant's conduct. We usually do not think of these items in monetary terms. Would you give careful consideration to these factors and assign a dollar figure to each of them if the evidence supported such a finding? Would you have any reservations/any hesitation in so doing?

18. You may have an opportunity in this case to award Mr. Tatum punitive damages. The dual purpose of punitive damages is to punish the defendant and to deter the defendant and others from engaging in similar conduct in the future.

    a. Would you have any reservations in awarding punitive damages against defendant if the evidence and law supported such an award?

19. In this case, Mr. Tatum was a 22-year employee of Defendant and suffered a health related emergency at work, on the job on October 24, 2020, left work and drove to the local emergency room where he was medically treated and released later that day. He was diagnosed by the ER attending physician with suffering acute anxiety attack. Defendant refused to return him to work and claimed that he had resigned. This is a civil case, and so the burden is on Mr. Tatum to prove by a preponderance of the evidence, not beyond a reasonable doubt, that the laws at issue were violated. Preponderance of evidence, as the court will instruct you at the close of the case, means more likely than not. Will you have difficulty, or are there any business, religious or

philosophical beliefs which would prevent you from applying the preponderance of evidence standard in this case? If yes, please explain.

Date: June 16, 2025　　　　　　　PLAINTIFF, RONALD C. TATUM

By: /s/ Timothy J. Coffey
　　　One of His Attorneys

Timothy J. Coffey
THE COFFEY LAW OFFICE, P.C.
118 N. Clinton Street, Suite 125
Chicago, IL 60661
(312) 627-9700
ARDC No. 6224686
tcoffey@worker-law.com


Heidi Karr Sleper, Esq.
Kurtz, Sleper & Exline, LLC
610 West Roosevelt Rd, Second Floor
Wheaton, IL 60187
ARDC No.
hsleper@kselegal.com

4