**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RONALD C. TATUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 21-cv-06732 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| 10 ROADS EXPRESS, LLC, | ) | Magistrate Judge Beth Jantz |
| | ) | |
| Defendant. | ) | JURY DEMANDED |

## AMENDED SCHEDULE 9(a) - AGREED JURY INSTRUCTIONS (MARKED)

Plaintiff, RONAD C. TATUM, by and through his attorneys, and with prior consultation with counsel for Defendant, submits the following Agreed Jury Instructions (Marked) per the Court's standing orders and Local Rule 16.1 of this Court.

Date: June 16, 2025

PLAINTIFF, RONALD C. TATUM

By: /s/ Timothy J. Coffey
      One of His Attorneys

Timothy J. Coffey
THE COFFEY LAW OFFICE, P.C.
118 N. Clinton Street, Suite 125
Chicago, IL 60661
(312) 627-9700
ARDC No. 6224686
tcoffey@worker-law.com


Heidi Karr Sleper, Esq.
Kurtz, Sleper & Exline, LLC
610 West Roosevelt Rd, Second Floor
Wheaton, IL 60187
ARDC No.
hsleper@kselegal.com

## INTRODUCTION

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

One of my duties is to decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

**Legal Authority:** Seventh Circuit Pattern Instruction, Sample Preliminary Instruction

**Agreed Instruction No. 1**

Given

Given as Modified

Refused

Withdrawn

**ORDER OF TRIAL**

The trial will proceed in the following manner:

First, Plaintiff's attorney may make an opening statement. Next, Defendant's attorney may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

After the opening statements, Plaintiff will call witnesses and present evidence. Then, Defendants will have an opportunity to call witnesses and present evidence. After the parties' main cases are completed, Plaintiff may be permitted to present rebuttal evidence.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.


**Legal Authority:** Seventh Circuit Pattern Instruction, Sample Preliminary Instruction

**Agreed Instruction No. 2**

Given

Given as Modified

Refused

Withdrawn

**PROVINCE OF JURY**

Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

**Legal Authority:** Seventh Circuit Pattern Instruction, Sample Preliminary Instruction

**Agreed Instruction No. 3**

Given

Given as Modified

Refused

Withdrawn

## GENERAL INSTRUCTIONS

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

1.01  FUNCTIONS OF THE COURT AND THE JURY

**Agreed Instruction No. 4**

Given

Given as Modified

Refused

Withdrawn

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

1.02 NO INFERENCE FROM JUDGE'S QUESTIONS

**Agreed Instruction No. 5**

Given

Given as Modified

Refused

Withdrawn

In this case, Defendant is a limited liability company. All parties are equal before the law. A limited liability company is entitled to the same fair consideration that you would give any individual person.

1.03 ALL LITIGANTS EQUAL BEFORE THE LAW (modified)

**Agreed Instruction No. 6**

Given

Given as Modified

Refused

Withdrawn

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations. A stipulation is an agreement between both sides that certain facts are true and that a person would have given certain testimony. I have taken judicial notice of certain facts. You must accept those facts as proved.

1.04 EVIDENCE (modified)

**Agreed Instruction No. 7**

Given

Given as Modified

Refused

Withdrawn

Certain things are not to be considered as evidence. I will list them for you:
First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

1.06  WHAT IS NOT EVIDENCE

**Agreed Instruction No. 8**

Given

Given as Modified

Refused

Withdrawn

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

1.07 NOTE-TAKING

**Agreed Instruction No. 9**

Given

Given as Modified

Refused

Withdrawn

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

1.08 CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED

**Agreed Instruction No. 10**

Given

Given as Modified

Refused

Withdrawn

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

1.09 LIMITED PURPOSE OF EVIDENCE

**Agreed Instruction No. 11**

Given

Given as Modified

Refused

Withdrawn

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

1.11 WEIGHING THE EVIDENCE

**Agreed Instruction No. 12**

Given

Given as Modified

Refused

Withdrawn

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

1.12 DEFINITION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE

**Agreed Instruction No. 13**

Given

Given as Modified

Refused

Withdrawn

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
- the witness's memory;
- any interest, bias, or prejudice the witness may have;
- the witness's intelligence;
- the manner of the witness while testifying;
- and the reasonableness of the witness's testimony in light of all the evidence in the case.

1.13 TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE) (modified)

**Agreed Instruction No. 14**

Given

Given as Modified

Refused

Withdrawn

You may consider statements given by a party before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

1.14 PRIOR INCONSISTENT STATEMENTS [OR ACTS] (modified)

**Agreed Instruction No. 15**

Given

Given as Modified

Refused

Withdrawn

It is proper for a lawyer to meet with any witness in preparation for trial.

1.16 LAWYER INTERVIEWING WITNESS

**Agreed Instruction No. 16**

Given

Given as Modified

Refused

Withdrawn

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

1.17 NUMBER OF WITNESSES

**Agreed Instruction No. 17**

Given

Given as Modified

Refused

Withdrawn

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

1.18 ABSENCE OF EVIDENCE

**Agreed Instruction No. 18**

Given

Given as Modified

Refused

Withdrawn

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

1.27 BURDEN OF PROOF

**Agreed Instruction No. 19**

Given

Given as Modified

Refused

Withdrawn

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

1.32 SELECTION OF PRESIDING JUROR; GENERAL VERDICT (modified)

**Agreed Instruction No. 20**

Given

Given as Modified

Refused

Withdrawn

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

1.33 COMMUNICATION WITH COURT (modified)

**Agreed Instruction No. 21**

Given

Given as Modified

Refused

Withdrawn

The verdicts must represent the considered judgment of each juror. Each of your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

1.34 DISAGREEMENT AMONG JURORS (modified)

**Agreed Instruction No. 22**

Given

Given as Modified

Refused

Withdrawn

**IN-TRIAL INSTRUCTIONS; LIMITING INSTRUCTIONS**

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

2.01 CAUTIONARY INSTRUCTION BEFORE RECESS

**Agreed Instruction No. 23**

Given

Given as Modified

Refused

Withdrawn

The parties have stipulated and agreed to certain facts. You must now treat these facts as having been proved for the purpose of this case.

2.05 STIPLUATIONS OF FACT (modified)

**Agreed Instruction No. 24**

Given

Given as Modified

Refused

Withdrawn

Evidence will now be presented to you in the form of written answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before this trial in response to written questions.

You must give the answers the same consideration as if the answers were made from the witness stand.

Source: 2.09. USE OF INTERROGATORIES (TO BE USED ONLY WHEN INTERROGATORIES ARE READ WITHOUT ADMISSION INTO EVIDENCE)

**Agreed Instruction No. 25 (if necessary)**

Given

Given as Modified

Refused

Withdrawn

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

(**only if appropriate based upon events at trial)

**Legal Authority:** Seventh Circuit Pattern Instruction 2.14 - JUDGE'S COMMENTS TO LAWYER

**Agreed Instruction No. 26 (if necessary)**

Given

Given as Modified

Refused

Withdrawn

Plaintiff claims that he was an employee of the Defendant from 1998 until October 26, 2020.

Plaintiff claims that he exercised his rights under the Illinois Workers' Compensation Act (IWCA) on October 24, 2020 by (1) reporting to Defendant that he was injured at work, and (2) seeking and receiving reasonable and necessary medical treatment for the injuries he sustained at work (Plaintiff's "IWCA-protected activities").

The Plaintiff further claims that one or more of his IWCA-protected activities was a proximate cause of Defendant's termination of his discharge and claimed damages.

Defendant denies that it discharged the Plaintiff.

Defendant claims that Plaintiff resigned his employment on October 24, 2020.

Source: I.P.I. No. 250.01 -Retaliatory Discharge Issues Made by the Pleadings ((Modified)

*Holland v. Schwan's Home Service, Inc.,* 2013 IL App (5th) 110560, ¶¶138-152 (affirming the use of modified IPI 250.01 similar to the above proposed instruction); *Grabs v. Safeway, Inc.*, 2013 IL App (1st) 121971-U, P39, 2013 Ill. App. Unpub. LEXIS 1644, *21-22 ("However, IPI 250.01, which is designed specifically for retaliatory discharge cases and was also given to the jury in this case, adequately stated that plaintiff's burden is to prove that his exercise of his rights under the Act was "a proximate cause" for his termination. *Netzel v. United Parcel Service*, 181 Ill. App. 3d 808, 812, 537 N.E.2d 1348, 130 Ill. Dec. 879 (1989); see *Holland v. Schwan Home Service, Inc.,* 2013 IL App. (5th) 110560, ¶¶ 147-149, 992 N.E.2d 43, 372 Ill. Dec. 504. Again, the jury instructions, read as a whole, adequately informed the jury of the law.")

**Agreed Instruction No. 27**

Given

Given as Modified

Refused

Withdrawn

Plaintiff has the burden of proving each of the following propositions:

First, that Plaintiff was an employee of the Defendant;

Second, that Plaintiff was discharged from his employment with the Defendant;

Third, that Defendant discharged Plaintiff because he exercised his rights under the IWCA by

(1) reporting to Defendant that he was injured at work, and/or

(2) seeking and receiving reasonable and necessary medical treatment for the injuries he sustained at work.

Fourth, that Plaintiff sustained damages as a result of the discharge.

Fifth, that one or more of the reasons stated in paragraph "Third" above was a proximate cause of his discharge and resulting damages.

If you find from your consideration of all the evidence that each of these propositions has been proven, then your verdict should be for the Plaintiff on this claim. On the other hand, if you find from your consideration of all the evidence that any of these propositions has not been proven, then your verdict should be for the Defendant on this claim.

Source: I.P.I. No. 250.02 - Retaliatory Discharge Burden of Proof on the Issues ((Modified)

*Holland v. Schwan's Home Service, Inc.,* 2013 IL App (5th) 110560, ¶¶ 138-152 (5th Dist. May 30, 2013) (affirming the use of modified IPI 250.02 similar to the above proposed instruction); *Grabs v. Safeway, Inc.*, 395 Ill. App. 3d 286, 291 (1st Dist. 2009) ("To state a cause of action for retaliatory discharge, plaintiffs must show that: (1) they were employees of defendants before or at the time of the injury; (2) they exercised some right granted by the Act (820 ILCS 305/1 et seq. (West 2006)); and (3) their discharge was causally related to the exercise of their rights under the Act. C*lark [v. Owens-Brockway Glass Container, Inc.*,] 297 Ill. App. 3d [694] at 697.")

**Agreed Instruction No. 28**

Given

Given as Modified

Refused

Withdrawn

If you decide for the defendants on the question of liability, then you should not consider the question of damages.

Source:  Seventh Circuit Pattern Instruction 1.31

**Agreed Instruction No. 29**

Given

Given as Modified

Refused

Withdrawn

If you find that Plaintiff has proven his claim of retaliatory discharge by a preponderance of the evidence, you may award him as damages any lost wages and benefits he would have received from the Defendant if his employment had not come to an end minus the earnings and benefits that plaintiff received from other employment during that time. It is Plaintiff's burden to prove that he lost wages and benefits and their amount. If he fails to do so for any periods of time for which he seeks damages, then you may not award damages for that time period.

**Legal Authority:** Seventh Circuit Pattern Instruction 3.11 – Back Pay

**Agreed Instruction No. 30**

Given

Given as Modified

Refused

Withdrawn

Defendant argues that Plaintiff's claim for lost wages and benefits should be reduced because Plaintiff failed to mitigate his damages, meaning he failed to take reasonable actions to find comparable employment.

If you find that

      1. Plaintiff did not take reasonable actions to reduce his damages, and

      2. Plaintiff reasonably might have found comparable employment if he had taken such action,

you should reduce any amount you might award Plaintiff for lost wages, or other damages by the amount Plaintiff reasonably would have earned during the period for which you are awarding lost wages or other damages.

Defendant must prove both that the reduction should be made and its amount.

**Legal Authority:** Seventh Circuit Pattern Instruction 3.12 (modified); Illinois Civil Pattern Instruction 255.21 (modified); *Snyder v. Buick*, 794 F.2d 1228, 1234 (7th Cir. 1986).

**Agreed Instruction No. 31**

Given

Given as Modified

Refused

Withdrawn

**Plaintiff agrees if the court decides to allow Defendant to proceed with evidence in support of its Failure to Mitigate Damages affirmative defense. See Plaintiff's related Motion *in Limine*.**

When I use the expression "willful and wanton conduct" I mean a course of action which shows actual or deliberate intention to harm Plaintiff, or which, if not intentional, shows an utter indifference to or conscious disregard for the Plaintiff's right to be free of retaliation guaranteed to him by Illinois law as embodied in the Illinois Workers' Compensation Act.

Sources: I.P.I. No. 14.01(Modified) Willful and Wanton Conduct--Definition

It is well settled in Illinois that, when the facts permit, punitive damages may be properly awarded in retaliatory discharge cases. See *Kelsay v. Motorola, Inc.*, 74 Ill. 2d 172, 186-87 (1078); *Motsch v. Pine Roofing Co.*, 178 Ill. App. 3d 169, 177 (1st Dist. 1989); *Holland v. Schwan's Home Service, Inc.*, 2013 IL App (5th) 110560, ¶¶ 172-176 (affirming the use of similar modified IPI 14.01 instruction in Illinois common law, workers' compensation retaliatory discharge case).

**Agreed Instruction No. 32**

Given

Given as Modified

Refused

Withdrawn

**Defendant agrees if it is determined that Plaintiff has made a *prima facie* case for punitive damages.**

Under Illinois law, it was always the Defendant's duty to refrain from willful and wanton conduct which would endanger the rights of the Plaintiff under the IWCA.

Sources: I.P.I. No. 14.04 (Modified) Duty To Refrain From Willful And Wanton Conduct— Defendant; see also *Holland v. Schwan's Home Service, Inc.*, 2013 IL App (5th) 110560, ¶¶ 172-176 (affirming the use of modified IPI 14.04 identical to the above proposed instruction).

**Agreed Instruction No. 33**

Given

Given as Modified

Refused

Withdrawn

**Defendant agrees if it is determined that Plaintiff has made a *prima facie* case for punitive damages.**

Under Illinois law, Defendant is a Limited Liability Company ("LLC") and can act only through their officers and employees. As to Plaintiff's claim for compensatory damages against Defendant, any act or omission of an officer or employee within the scope of his employment is the act or omission of Defendant.

As to Plaintiff's claim for punitive damages under the common law of Illinois against Defendant, a different rule applies. Punitive damages may be awarded against Defendant only (1) if you find in favor of Plaintiff and against Defendant on Plaintiff's retaliatory discharge claim, and (2) if you find that, as to the acts or omissions giving rise to Defendants' liability under Illinois law,

(a)     The LLC, through its management, authorized the doing and the manner of the act or omission; or

(b)     The employee(s) responsible for the act or omission was/were unfit, and the LLC was reckless in employing him/her/them; or

(c)     The act or omission was that of a managerial employee(s) who was/were acting in the scope of his/her/their employment; or

(d)     The LLC, through its management or a managerial employee(s), ratified or approved the act or omission.

Source: I.P.I. No. 35.02 (Modified) Punitive/Exemplary Damages--Willful and Wanton Conduct--Corporate Defendant's Liability

**Agreed Instruction No. 34**

Given

Given as Modified

Refused

Withdrawn

**Defendant agrees if it is determined that Plaintiff has made a *prima facie* case for punitive damages. Further, Defendant reserves the right to object to sub paragraphs (a) through (d) depending on the evidence at trial.**

Forms of verdicts are supplied with these instructions. After you have reached your verdicts, fill in and sign the appropriate forms of verdict and return them to the court. Your verdicts must be signed by each of you. You should not write or mark upon these or any of the other instructions given to you by the court.

If you find for Plaintiff and against Defendant on his retaliatory discharge claim, then you should use Verdict Form A.

If you find for Defendant and against Plaintiff, then you should use Verdict Form ___.

Source: I.P.I. No. B45.01 (Modified) Instruction on Use of Verdict Forms

**Agreed Instruction No. 35**

Given

Given as Modified

Refused

Withdrawn