**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RONALD C. TATUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 21-cv-06732 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| 10 ROADS EXPRESS, LLC, | ) Magistrate Judge Beth Jantz |
| | ) |
| Defendant. | ) JURY DEMANDED |

**AMENDED SCHEDULE 9(b) - PLAINTIFF'S PROPOSED JURY INSTRUCTIONS – CONTESTED, WITH DEFENDANT'S OBJECTIONS**

Plaintiff, RONAD C. TATUM, by and through his attorneys, submits the following Proposed Jury Instructions – Contested, with Defendant's objections per the Court's standing orders and Local Rule 16.1 of this Court. Plaintiff will timely file replies to Defendant's objections per the Court's desired schedule for jury instruction conferences.

Date: June 16, 2025         PLAINTIFF, RONALD C. TATUM

By: /s/ Timothy J. Coffey
    One of His Attorneys

Timothy J. Coffey
THE COFFEY LAW OFFICE, P.C.
118 N. Clinton Street, Suite 125
Chicago, IL 60661
(312) 627-9700
ARDC No. 6224686
tcoffey@worker-law.com

Heidi Karr Sleper, Esq.
Kurtz, Sleper & Exline, LLC
610 West Roosevelt Rd, Second Floor
Wheaton, IL 60187
ARDC No.
hsleper@kselegal.com

When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced the Plaintiff's injury. It need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the injury.

Source: I.P.I. No. 15.01 - Proximate Cause--Definition

**Plaintiff's Instruction No. 1**

Given

Given as Modified

Refused

Withdrawn

**Defendants' Objection to Plaintiff's Instruction No. 1**

Defendants object to the last two sentence of Instruction No. 25. Those sentences are only to be used when there is evidence of a concurring or contributing cause to injury or death. Accordingly, the "bracket language" for I.P.I 15.01 is inapplicable to the claims and defenses in this case.

There are no magic words required to discharge an employee: an employer cannot escape responsibility for an improper discharge simply because he never uttered the words 'you're fired.' So long as the employer's message that the employee has been involuntarily terminated is clearly and unequivocally communicated to the employee, there has been an actual discharge, regardless of the form such discharge takes.

Source: Quote from *Hinthorn v. Roland's of Bloomington, Inc.*, 119 Ill. 2d 526, 531 (1988)

**Plaintiff's Instruction No. 2**

Given

Given as Modified

Refused

Withdrawn

**Defendants' Objection to Plaintiff's Instruction No. 2.**

      Defendants object to Plaintiff's Instruction No. 2. It is not Illinois Civil Pattern Instruction or Seventh Circuit Pattern instruction. As it is not a necessary element to prove retaliatory discharge, it will be confusing to the jury and prejudicial to Defendants.

      There was in force in the State of Illinois at all relevant times a certain statute which provided that:

> "It shall be unlawful for any employer, insurance company or service or adjustment company to interfere with, restrain or coerce an employee in any manner whatsoever in the exercise of the rights or remedies granted to him or her by this Act or to discriminate, attempt to discriminate, or threaten to discriminate against an employee in any way because of his or her exercise of the rights or remedies granted to him or her by this Act.
>
> It shall be unlawful for any employer, individually or through any insurance company or service or adjustment company, to discharge or to threaten to discharge, or to refuse to rehire or recall to active service in a suitable capacity an employee because of the exercise of his or her rights or remedies granted to him or her by this Act."

Section 4(h) of the Illinois Workers' Compensation Act 820 ILCS §305/4(h).

      If you decide that Defendant violated the statute in question, then you may consider that fact together with all of the other facts and circumstances in evidence in determining whether and to what extent, if any, Defendant intentionally violated Plaintiff's rights.

Source:  I.P.I. 60.01 Violation of Statute, Ordinance, or Administrative Regulation (Modified)

*Holland v. Schwan's Home Service, Inc.*, 2013 Ill. App. LEXIS 342 (5th Dist. May 30, 2013).

**Plaintiff's Instruction No. 3**

Given

Given as Modified

Refused

Withdrawn

**Defendants' Objection to Plaintiff's Instruction No. 3**

  Defendant object to Plaintiff's Instruction No. 3. First, it is duplicative to Agreed Instruction No. 28, and thus, its unnecessary and will be confusing to the jury. Further, references to "insurance company" are prejudicial to Defendants and will be confusing to the jury.

If you find for Plaintiff on his claim of retaliatory discharge in violation of Illinois law, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damages proved by the evidence to have resulted from Defendant's illegal termination of his employment, taking into consideration the nature, extent, and duration of the injury:

1. The value of wages lost;

2. The monetary value of lost benefits;

3. The emotional distress experienced (and reasonably certain to be experienced in the future);

4. The loss of a normal life experienced (and reasonably certain to be experienced in the future); and,

5. Out-of-pocket costs and fees that Plaintiff incurred that he would not have but for Defendant's illegal job termination.

Whether any of these elements of damages has been proved by the evidence is for you to determine.

Source: I.P.I. Nos. 30.01, 30.04.01 and 30.05.01 (Modified) Measure of Damages

**Plaintiff's Instruction No. 4**

Given

Given as Modified

Refused

Withdrawn

**Defendants' Objection to Plaintiff's Instruction No. 4.**

Defendant objects to the inclusion of loss of normal life. Loss of normal life usually depicts a physical or mental injury that causes a person the inability to pursue the pleasurable aspects of life. *Schandelmeirer-Bartels v. Chi. Park Dist.*, 2015 IL App (1st) 133356 ¶ 43. Plaintiff has not alleged any physical injury and to the extend his is claiming a mental injury that should be considered as part of the element of pain and suffering. *Hendricks v. Riverway Harbor Service St. Louis, Inc.*, 314 Ill.App.3d 800, 810 (2000). Further, Defendant objects to the inclusion of "reasonably certain to be experienced in the future." The is no evidence to suggest with certainty that Plaintiff will suffer "future" emotional distress or loss of normal life. Defendant reserves the right to object to any element of damaged based on the evidence at trial.

When I use the expression "loss of a normal life," I mean the temporary or permanent diminished ability to enjoy life. This includes a person's inability to pursue the pleasurable aspects of life.

Source: I.P.I. Nos. 30.04.02 Loss of a Normal Life--Definition

**Plaintiff's Instruction No. 5**

Given

Given as Modified

Refused

Withdrawn

**Defendants' Objection to Plaintiff's Instruction No. 5**

Defendant objects for the reasons set for in response to Plaintiff's Instruction No. 4.

If you find for Plaintiff on his claim of retaliatory discharge in violation of Illinois law, in addition to compensatory damages, the law permits you under certain circumstances to award punitive damages. If you find that Defendant's conduct was willful and wanton and proximately caused damage to the Plaintiff, and if you believe that justice and the public good require it, you may award an amount of money which will punish Defendant and discourage them and others from similar conduct.

In arriving at your decision as to the amount of punitive damages under Illinois law, you should consider the following three questions. The first question is the most important to determine the amount of punitive damages:

1. How reprehensible was Defendant's conduct?

On this subject, you should consider the following:

a) The facts and circumstances of Defendant's conduct;

b) The vulnerability of the Plaintiff;

c) The duration of the misconduct;

d) The frequency of Defendant's misconduct;

e) Whether the harm was physical as opposed to economic; and

f) Whether Defendant tried to conceal the misconduct.

2. What actual and potential harm did Defendant's conduct cause to the Plaintiff in this case?

3. What amount of money is necessary to punish Defendant and discourage it and others from future wrongful conduct in light of Defendant's financial condition?

The amount of punitive damages must be reasonable and in proportion to the actual and potential harm suffered by the Plaintiff.


Source: I.P.I. No. 35.01 (Modified) Punitive/Exemplary Damages--Willful and Wanton Conduct


**Plaintiff's Instruction No. 6**

Given

Given as Modified

Refused

Withdrawn

**Defendants' Objection to Plaintiff's Instruction No. 6**

  Defendant objects to the inclusion of Defendant's financial condition as a factor to be considered in the award of punitive damages. *Zazu Designs v. L'Oreal*, S.A., 979 F.2d 499, 508 (7th Cir. 1992)(noting that a corporate defendant's net worth is irrelevant to the assessment of punitive damages against it). Defendant also reserves the right to object to Plaintiff's Instruction No. 30 depending on the Court's rulings at trial.

      We, the jury, find for Plaintiff and against Defendant on Plaintiff's claim of retaliation in violation of the clearly mandated public policy of Illinois as embodied in the Illinois Workers' Compensation Act. We assess the damages in the sum of $_____, itemized as follows:

Lost Wages:  $_____

Lost Benefits:  $_____

Consequential Out-of-Pocket Costs:  $_____

Emotional Distress experienced (and reasonably certain to be experienced in the future):

$_____

Loss of a Normal Life experienced (and reasonably certain to be experienced in the future):

$_____

      If you find for Plaintiff on his claim for Retaliatory Discharge, you may, but are not required to, determine an amount of punitive damages.

      We, the Jury, assess punitive damages in the amount of: $_____

_____          _____

(Foreperson)

_____          _____

_____          _____

_____          _____

Source: I.P.I. No. B45.02.A (Modified) VERDICT FORM A

**Plaintiff's Instruction No. 7**

Given

Given as Modified

Refused

Withdrawn

**Defendants' Objection to Plaintiff's Instruction No. 7**

Defendant objects for the reasons set for in response to Plaintiff's Instruction No. 6.