# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF
# ILLINOIS EASTERN DIVISION

| | |
|---|---|
| RONALD C. TATUM,<br><br>        Plaintiff,<br><br>v.<br><br>10 ROADS EXPRESS, LLC, 10 ROADS SOUTH, LLC, GINO PRESTIA, and JEFF NATELBORG,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)  Case No. 21-cv-06732<br>)<br>)<br>)  Judge Sharon Johnson Coleman<br>)  Magistrate Judge Beth Jantz<br>)<br>)<br>)  JURY DEMANDED |

**AMENDED SCHEDULE 9(c) – DEFENDANT'S PROPOSED JURY INSTRUCTIONS – CONTESTED, WITH PLAINIFF'S OBJECTIONS**

    10 Roads Express, LLC and 10 Roads South, LLC (collectively "10 Roads Express"), by their attorney, Joseph K. Nichele of Momkus LLP, submits the following Proposed Jury Instructions with Plaintiff's objections per the Court's standing orders and Local Rule 16.1 of this Court. Defendants will timely file replies to Plaintiff's objections per the Court's desired schedule for jury instruction conferences.

                                                                Respectfully submitted,

                                                                10 ROADS EXPRESS, LLC, and
                                                                10 ROADS SOUTH, LLC,

                                             By:    /s/ Joseph K. Nichele
                                                         One of their Attorneys

Joseph K. Nichele (jnichele@momkus.com)
Momkus LLP
Attorney for Defendants
1001 Warrenville Road, Suite 500
Lisle, Illinois 60562

(630) 434-0297
Fax: (630) 434-0444

## 1.24 DEMONSTRATIVE EVIDENCE

Certain demonstrative exhibits have been shown to you. Those demonstrative exhibits are used for convenience and to help explain the facts of the case. They are not themselves proof of any facts.

**Proposed by:** Defendants (only if appropriate based upon events at trial)

**Legal Authority:** Seventh Circuit Pattern Instruction 1.24

**P's Objections:** The parties have not proposed any demonstrative exhibits.

**Defendant's Instruction No. 1**

Given

Given as Modified

Refused

Withdrawn

## PROXIMATE CAUSE

When I use the expression "proximate cause," I mean that, in the nature or ordinary course of events, produced the plaintiff's injury.

**Proposed by:** Defendants

**Defendant's Legal Authority:** Illinois Civil Pattern Instruction 15.01

**Plaintiff's Objections:** Inappropriately modified IPI 15.01. The last two sentences ---"It need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the injury." -- are necessary and appropriate here.

**Defendant's Instruction No. 2**

Given

Given as Modified

Refused

Withdrawn

You may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendants' wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. The court will calculate and determine any damages for past or future lost wages and benefits. You should consider the following types of compensatory damages, and no others:

The physical and mental/emotional pain and suffering that Plaintiff has experienced. No evidence of the dollar value of physical or mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury he has sustained.

**Defendant's Legal Authority:** Seventh Circuit Pattern Instruction 3.10 – Compensatory Damages

**Plaintiff's Objections:** Inappropriately modified; does not include other legally recoverable compensatory damages suffered by Plaintiff as a proximate result of Defendant's illegal termination such loss of enjoyment of life and reimbursement for out-of-pocket fees and costs incurred by Plaintiff. See Plaintiff's Instructions #s 4 and 5.

**Defendant's Instruction No. 3**

Given

Given as Modified

Refused

Withdrawn

**PUNITIVE DAMAGES**

In addition to compensatory damages, the law permits you under certain circumstances to award punitive damages. If you find that Defendants' conduct was committed with fraud, actual malice, deliberate violence or oppression, or if Defendants acted willfully, or with gross negligence as to indicate a wanton disregard of the rights of others, and proximately caused damage to Plaintiff, and if you believe that justice and the public good require it, you may award an amount of money which will punish Defendants and discourage it and others from similar conduct.

In arriving at your decision as to the amount of punitive damages, you should consider the following three questions. The first question is the most important to determine the amount of punitive damages:

1. How reprehensible was Defendants' conduct?

On this subject, you should consider the following:

    a) The facts and circumstances of Defendants' conduct;

    b) The vulnerability of the plaintiff;

    c) The duration of the misconduct;

    d) The frequency of defendant's misconduct;

    e) Whether the harm was physical as opposed to economic;

    f) Whether defendant tried to conceal the misconduct;

2. What actual and potential harm did Defendants' conduct cause to Plaintiff in this case?

3. What amount of money is necessary to punish Defendants and discourage Defendants and others from future wrongful conduct?

The amount of punitive damages must be reasonable and in proportion to the actual and potential harm suffered by Plaintiff.

**Defendant's Legal Authority:** Illinois Civil Pattern Instruction 35.01; *Kelsay v. Motorola, Inc.* 74 Ill.2d 172 (1978)

**Plaintiff's Objections:** Inappropriately modified IPI 35.01; does not include complete Par.3 as follows, "3. What amount of money is necessary to punish Defendant and discourage it and others from future wrongful conduct in light of Defendant's financial condition?"

**Defendant's Instruction No. 4**

Given

Given as Modified

Refused

Withdrawn

**PUNITIVE DAMAGES-CORPORATE DEFENDANTS' LIABLITY**

Defendants are corporations and can act only through its officers and employees. As Plaintiff' claim for compensatory damages against Defendants any act or omission of an officer or employee within the scope of his employment is the act or omission of the Defendant Corporation.

As to plaintiff's claim for punitive damages against Defendants a different rule applies. Punitive damages may be awarded against Defendants only (1) if you find in favor of Plaintiff and against Defendants under, and (2) if you find that, as to the act(s) or omission(s) giving rise to liability the corporation, through its management, authorized the doing and the manner of the act or omission.

**Proposed by:** Defendants

**Legal Authority:** Illinois Civil Pattern Instruction 35.02

**Plaintiff's Objections:** Incomplete, modified version of IPI 35.02; misstatement of the applicable law.


**Defendant's Instruction No. 5**
Given
Given as Modified
Refused
Withdrawn

Once an employee resigns, an employer is under no obligation to rescind the employee's resignation.

**Defendant's Legal Authority:** *Wilkerson v. Springfield Pub. Sch. Dist. No 186*, 40 Fed.Appx. 260, 263 (7th Cir. 2002)("But the District was under no duty to allow Wilkerson to rescind his resignation after he submitted his signed resignation, turned in his keys, and stopped working. The district court correctly determined that the District never took an adverse employment action against Wilkerson. Because there was no adverse employment action, Wilkerson was not constructively discharged.")

**Plaintiff's Objections:** Not a pattern instruction and the facts of *Wilkerson* case are materially different than the facts here. The plaintiff in Wilkerson submitted a signed letter of resignation and turned in his keys the under the belief he would be fired the very same day he was accused of sex harassment and his union rep told him he was "screwed." He did not ask to rescind the resignation until six days later. There is simply and patently no comparison to this evidence here or situation Tatum found himself in on October 24, 2020. Additionally, it is undisputed that Tatum cleared up any legitimate confusion that very evening when e-mailed that he did not quit. Also undisputed is that over the next several days prior to Ellis telling him that 10 Roads "accepted" his resignation and his employment was over, Tatum asked Natelborg and Rico Prestia if he could return to work.

**Defendant's Instruction No. 6**

Given

Given as Modified

Refused

Withdrawn

## **PROPOSED VERDICT FORM**

We, the jury, find as follows on Ronald Tatum's claim against 10 Roads Express, Inc. for retaliatory discharge:

_____ For Ronald Tatum

_____ For the 10 Roads Express, Inc.

If you answer "For Ronald Tatum," then proceed to the next page and answer the question of damages, if any, and sign the verdict form.

If you answer "For 10 Roads, Express, Inc.," then proceed to the next page but DO NOT answer the question of damages, and sign the verdict form.

**Plaintiff's Objections:** Special Interrogatories redundant and inappropriate.

**Defendant's Proposed Verdict Form**

Given

Given as Modified

Refused

Withdrawn

**Special Interrogatory No. 1**

Was Plaintiff discharged from his employment with Defendants?

Yes \_\_\_\_\_ No \_\_\_\_\_

If your answer to Special Interrogatory No. 1 is Yes, please answer Special Interrogatory No. 2.

_____  _____
Date  Foreperson

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Plaintiff's Objections:** Defendant proposed Special Interrogatories redundant and inappropriate.

**Defendant's Special Interrogatory No. 1**

Given

Given as Modified

Refused

Withdrawn

**Special Interrogatory No. 2**

Was Plaintiff terminated from his employment at Defendants in retaliation for engaging in activities protected by the Illinois Workers' Compensation Act, specifically seeking medical treatment?

Yes \_\_\_\_\_ No \_\_\_\_\_

If your answer to Special Interrogatory No. 2 is Yes, please answer Special Interrogatory No. 3.

_____ _____
Date                                                             Foreperson

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Plaintiff's Objections:** Defendant's proposed Special Interrogatories redundant and inappropriate.

**Defendant's Special Interrogatory No. 2**

Given

Given as Modified

Refused

Withdrawn

**Special Interrogatory No. 3**

Did Defendants act with fraud, actual malice, deliberate violence or oppression, willfully or with gross negligence as to indicate a wanton disregard on the rights of others in terminating Plaintiff's employment?  Yes \_\_\_\_\_ No \_\_\_\_\_

_____  _____
Date  Foreperson

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Plaintiff's Objections:** Defendant's proposed Special Interrogatories redundant and inappropriate.

**Defendant's Special Interrogatory No. 3**

Given

Given as Modified

Refused

Withdrawn