IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD C. TATUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 21-cv-06732 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| 10 ROADS EXPRESS, LLC, | ) Magistrate Judge Beth Jantz |
| | ) |
| Defendant. | ) JURY DEMANDED |

**SCHEDULE 11 – JOINT TRIAL STIPULATIONS
AND ADMITTED FACTS**

The parties have entered into the following trial stipulations:

1. Plaintiff's March 2020 and July 2020 alleged performance write ups were not considered by and did not factor into Defendant's decision to accept Plaintiff's alleged resignation and not return him to work, and Defendant will not argue or seek to introduce evidence to the contrary in connection with any motion or at any trial in this matter.

2. Defendant hereby withdraws its Affirmative Defense No. 6 (i.e., Plaintiff's claims are barred, in whole or in part, because his work performance was unsatisfactory and failed to improve), and will not argue or seek to introduce evidence in support thereof in connection with any motion or at any trial in this matter.

3. Defendant hereby amend their answer to Plaintiff's Interrogatory No. 6 to delete the reference to Defendants' documents bates-stamped DEF000337-000338.

4. Madison Throneberry, Defendant's general counsel (a) was not a witness to any events alleged in Plaintiff's Amended Complaints or Defendants' Answer and Affirmative Defenses thereto, (b) did not investigate the October, 24 2020, incident involving Plaintiff or Defendant's decision to accept Plaintiff's alleged resignation, (c) did not participate or otherwise weigh in on the decision to accept the alleged resignation, and (d) Defendant will not call her to testify at any trial or seek to submit an affidavit from her for any purpose or at any stage in the proceedings.

5. Wes Heit, Defendant 10 Roads Express LLC's Executive VP, Corporate Services, (a) was not a witness to any events alleged in Plaintiff's Amended Complaints or Defendant's Answer and Affirmative Defenses thereto, (b) did not investigate the October, 24 2020, incident involving Plaintiff or Defendant's decision to accept Plaintiff's alleged resignation, (c) did not participate or otherwise weigh in on the decision to accept the alleged resignation, and (d) Defendant will not call him to testify at any trial or seek to submit an

Case: 1:21-cv-06732 Document #: 162-14 Filed: 07/04/25 Page 2 of 3 PageID #:3782

affidavit from him for any purpose or at any stage in the proceedings.

Additionally, Plaintiff, RONALD C. TATUM, by and through his attorneys, proposes that the following admitted facts be presented to the jury as stipulated facts.

1. Ron started his employment with a predecessor company to 10 Roads, Eagle Express Lines, Inc. ("Eagle"), in 1998 in the position of truck driver. Dkt. #38 (Def.'s Answer to Amd. Compl.; Def. Admitted), ¶16.

2. In 2002, Ron transferred into the office in a dispatcher position. He was eventually promoted to a supervisory and then managerial role in the dispatch department. Id. (Def. Admitted) ¶17.

3. On October 1, 2020, Ron's employment was transferred from Eagle to Defendant 10 Roads Express. Id. (Def. Admitted) ¶19.

4. Ron's last recent position was Extended Coverage Lead in 10 Roads Express' Homewood, Illinois facility. In such position, Ron was a lead dispatcher responsible for coordinating all work required during the nighttime extended coverage hours and supervising the extended coverage team. Id. (Def. Admitted) ¶18.

5. In 2020, Ron suffered from a number of health related issues that necessitated him missing work and/or requesting that Eagle and then 10 Roads provide him with disability and leave benefits and/or information including, but not limited to: pneumonia in April 2020 (out of work for over two weeks; applied for any received short term disability payments), a colonoscopy in June 2020; polyps removed in August 2020 (he requested FMLA leave and Eagle notified him that he was eligible for FMLA leave; but he had the procedure done on his regular off days and did not have to miss any work days); and, additional polyps removed in early

2

October 2020. Id. (Def. Admitted) ¶24.

      6.     On Saturday, October 24, 2020, Route Manager Richard Patterson called Ron into a meeting in the third floor conference room where Operations Manager, Gino Prestia, was participating by speaker phone. Id. (Def. Admitted) ¶25.

      7.     Following this meeting, Patterson came to Ron at his desk and stated that Prestia was taking Ron's actions during the meeting as a "resignation." Patterson instructed Ron to get his bag and leave because they were "accepting" his "resignation." Id. (Def. Admitted) ¶26.

Date:  June 16, 2025          PLAINTIFF, RONALD C. TATUM

                                    By:  /s/ Timothy J. Coffey
                                          One of His Attorneys

Timothy J. Coffey
THE COFFEY LAW OFFICE, P.C.
118 N. Clinton Street, Suite 125
Chicago, IL 60661
(312) 627-9700
ARDC No. 6224686
tcoffey@worker-law.com

Heidi Karr Sleper, Esq.
Kurtz, Sleper & Exline, LLC
610 West Roosevelt Rd, Second Floor
Wheaton, IL 60187
ARDC No.
hsleper@kselegal.com

3