IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Ronald C. Tatum,                          )
                                          )
            Plaintiff,                    )
                                          )        Case No. 21 cv 6732
      v.                                  )        Judge Sharon Johnson Coleman
                                          )
10 Roads Express et al,                   )
            Defendants

## JURY INSTRUCTIONS

# FILED

OCT 06 2025

Judge Sharon Johnson Coleman
United States District Court

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

In this case, Defendant is a limited liability company. All parties are equal before the law. A limited liability company is entitled to the same fair consideration that you would give any individual person.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations. A stipulation is an agreement between both sides that certain facts are true.

The parties have stipulated, or agreed, to the following:

Defendant admitted the following fact in its Answer to Plaintiff's Complaint.

On October 24, 2020 following the meeting in the conference room, Patterson came to Ron at his desk and stated that Prestia was taking Ron's actions during the meeting as a "resignation." Patterson instructed Ron to get his bag and leave because they were "accepting" his "resignation." (Answer, ¶ 26).

You must now treat this fact as having been proved for the purpose of this case.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence."

Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
- the witness's memory;
- any interest, bias, or prejudice the witness may have;
- the witness's intelligence;
- the manner of the witness while testifying;
- and the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements given by a party, or a witness under oath, before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

It is proper for a lawyer to meet with any witness in preparation for trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Evidence was presented to you in the form of written answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before this trial in response to written questions.

You must give the answers the same consideration as if the answers were made from the witness stand.

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

Plaintiff claims that he was an employee of the Defendant from 1998 until October 26, 2020.

Plaintiff claims that he exercised his rights under the Illinois Workers' Compensation Act (IWCA) on October 24, 2020 by (1) reporting to Defendant that he was injured at work, and (2) seeking and receiving medical treatment for the injuries he sustained at work (Plaintiff's "IWCA-protected activities").

The Plaintiff further claims that one or more of his IWCA-protected activities was a proximate cause of Defendant's termination of his discharge and claimed damages.

Defendant denies that it discharged the Plaintiff.

Defendant claims that Plaintiff resigned his employment on October 24, 2020.

Plaintiff has the burden of proving each of the following propositions:

First, that Plaintiff was an employee of the Defendant;

Second, that Plaintiff was discharged from his employment with the Defendant;

Third, that Defendant discharged Plaintiff because he exercised his rights under the IWCA by

(1) reporting to Defendant that he was injured at work, and/or

(2) seeking and receiving medical treatment for the injuries he sustained at work.

Fourth, that Plaintiff sustained damages as a result of the discharge.

Fifth, that one or more of the reasons stated in paragraph "Third" above was a proximate cause of his discharge and resulting damages.

If you find from your consideration of all the evidence that each of these propositions has been proven, then your verdict should be for the Plaintiff. On the other hand, if you find from your consideration of all the evidence that any of these propositions has not been proven, then your verdict should be for the Defendant.

When I use the expression "proximate cause," I mean a cause that, in the nature or ordinary course of events, produced the plaintiff's injury.

There was in force in the State of Illinois at all relevant times a certain statute which provided that:

"It shall be unlawful for any employer. . . . to interfere with, restrain or coerce an employee in any manner whatsoever in the exercise of the rights or remedies granted to him or her by this Act or to discriminate, attempt to discriminate, or threaten to discriminate against an employee in any way because of his or her exercise of the rights or remedies granted to him or her by this Act.

It shall be unlawful for any employer. . . . to discharge or to threaten to discharge, or to refuse to rehire or recall to active service in a suitable capacity an employee because of the exercise of his or her rights or remedies granted to him or her by this Act."

Section 4(h) of the Illinois Workers' Compensation Act 820 ILCS §305/4(h).

If you decide that Defendant violated the statute in question, then you may consider that fact together with all of the other facts and circumstances in evidence in determining whether and to what extent, if any, Defendant intentionally violated Plaintiff's rights.

Once an employee resigns, an employer is under no obligation to rescind the employee's resignation.

If you find for Plaintiff on his claim of retaliatory discharge in violation of Illinois law, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damages proved by the evidence to have resulted from Defendant's illegal termination of his employment, taking into consideration the nature, extent, and duration of the injury:

1.     The value of wages lost;

2.     The emotional distress experienced to the present;

3.     Out-of-pocket costs and fees that Plaintiff incurred that he would not have but for Defendant's illegal job termination.

Whether any of these elements of damages has been proved by the evidence is for you to determine.

If you find that Plaintiff has proven his claim of retaliatory discharge by a preponderance of the evidence, you may award him as damages any lost wages he would have received from the Defendant if his employment had not come to an end, minus the earnings that Plaintiff received from other employment during that time. It is Plaintiff's burden to prove that he lost wages and their amount. If he fails to do so for any periods of time for which he seeks damages, then you may not award damages for that time period.

If you decide for the defendant on the question of liability, then you should not consider the question of damages.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Forms of verdict are supplied with these instructions. After you have reached your verdict, fill in and sign the appropriate forms of verdict and return them to the Court. Your verdict must be signed by each of you. You should not write or mark upon these or any of the other instructions given to you by the Court.

If you find for Plaintiff and against Defendant on his retaliatory discharge claim, then you should use Verdict Form A.

If you find for Defendant and against Plaintiff, then you should use Verdict Form B.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.